incidence of negligence. Therefore, the contention that General Municipal Law §§ 50-e and 50-i do not apply is without merit (*cf., Baumler v Town of Newstead,* 198 AD2d 777). Because plaintiff filed his notices of claim after the Statute of Limitations had expired (*see,* General Municipal Law § 50-i), the court had no discretion to extend plaintiff's time to file late notices of claim (*see,* General Municipal Law § 50-e [5]; *see also, Spoleta Constr. & Dev. Corp. v Board of Educ.,* 221 AD2d 927, *lv denied* 87 NY2d 808). There is no evidence that defendants engaged in misconduct preventing plaintiff from timely filing his claim.

Because the complaint was properly dismissed as time-barred, we do not address the remaining issues raised by plaintiff. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.

■ In the Matter of JESSIE M. GEER. LINDA BETTNER et al., Appellants-Respondents; MARILYN SMITH et al., Respondents-Appellants. (Appeal No. 1.) [652 NYS2d 560] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Order of Supreme Court, Livingston County, Smith, J.—Mental Hygiene Law.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.

■ In the Matter of JESSIE M. GEER. LINDA BETTNER et al., Appellants-Respondents; MARILYN SMITH et al., Respondents-Appellants. (Appeal No. 2.) [652 NYS2d 171] —Amended order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court lacked authority to direct respondents to pay a portion of the court evaluator's allowance awarded by the court. Pursuant to Mental Hygiene Law § 81.09 (f), where, as here, the petition seeking the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law is denied or dismissed, "the court may award a reasonable allowance to a court evaluator * * * payable by the petitioner[s] or by the person alleged to be incapacitated, or both in such proportions as the court may deem just." Therefore, we vacate that part of the amended order directing payment of the allowance to the court evaluator and remit the matter to Supreme Court to determine whether petitioners, Jessie M. Geer, or both, must pay the reasonable allowance awarded to the court evaluator pursuant to the foregoing statute.